UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_michael Deiscoll_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

_Neyda DelarosA_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/10

PRO SE OFFICE

_10_ Civ. _CV___ _(44)(09)_

**NOTICE OF APPEAL
IN A CIVIL CASE**

Notice is hereby given that _____michael Deiscoll_____
*(party)*

hereby  appeals to the United States Court of Appeals for the Second Circuit from the Judgment

_ORDeR OF Dismissal_____
*(describe the judgment)*

_____

_____

entered in this action on the ___3___ day of ___June___, 20_10_.
        *(date)*           *(month)*       *(year)*

                    _michael Deiscoll_____
                    Signature

                    _210 west 251 St 1G Beonx ny_
                    Address

                    _10471_____
                    City, State & Zip Code

DATED: _June 25___, 20_10_    _(347) 964. 5482_
                                Telephone Number

**NOTE:** To take an appeal, this form must be received by the *Pro Se* Office of the Southern District of New York within thirty (30) days of the date on which the judgment was entered, or sixty (60) days if the United States or an officer or agency of the United States is a party.

*Rev. 05/2007*

| United States District Court, Southern District of New York | Index No. 10CV4409 |
|---|---|

Michael Driscoll / Plaintiff

   -Against-                                               **Notice Of Appeal**

Neyda Delarosa / Defendant

I received your notice by mail by the Eight day of June, 2010. I wish to appeal this decision.

This case was filed as an Appeal against the State of New York, Court Of Appeals, in conjunction against Neyda Delarosa, as originally filed in New York State Supreme Court. See attached Documents.

This case originated from a lawsuit for damages, exceeding to date eight hundred thousand dollars, on the way to Washington Supreme Court and the Judiciary Committee in a complaint of injustice. My evidence on file proves the neglect by the State of New York, as well as the supported facts and history of this case to date.

The errors in the New York State Supreme Court, Divorce Contract, recognized by all the attorneys of record, with regards to my income and child support amount, has caused bankruptcy's, repossessions, housing eviction cases, credit debt problems, tax arrears, pension liquidations, since this contract went in to effect.

Despite many attempts to present evidence in support of my application, my applications have constantly been denied, listing me as a disgruntled litigant, despite my evidence which proves my case.

Now I must pursue all aspects of the judicial system before filing my complaint with the Senate on Judiciary Committee, governing over of court systems.

The results of New York State ignoring evidence which supports wrongful prosecution in this contract, since the year 2000, now compromised my career and my daughter's medical coverage. Between the housing evictions, the loss of my pensions to maintain housing, my child has no future.

My union employment is not steady, as I am unemployed currently. This divorce contract error stems from their accounts and the way they conduct their affairs through policies and procedures, benefiting themselves, with running the electrical industries business.

Every member has a constant revolving door with unemployment, out of our control, manipulated by the union, which has created additional problems relating to this case, stemming from the calculations of my income, to child support, to tax arrears.

Once I can no longer sustain housing or finances to live, I will become a ward of the State.

This case is not about physical custody. My daughter has voiced her opinion, wishing to come and go from either household, whereas I will not pursue physical custody before the corrupt New York State Supreme Court.

The child support error needs to be corrected, so I can balance all outstanding debts, continuing to support my child in her future.

As far as my case for damages, I am at a loss of eight hundred thousand dollars, caused by the neglect of the Hon. Justice Drager, ignoring evidence in support of my position, while protecting her colleagues from judgments, suspensions or revocation of their license to practice law in New York State.

She ignored perjury charges, which identifies Neyda Delarosa having disregarded the contract with her behavior tactics, violating my Constitutional rights by committing perjury. She further through her behavior manipulated laws, playing the victim under domestic violence, to receive child support.

The Hon. Justice has ignored evidence, policies and procedures, to support her decision, by ignoring evidence which supported my case.

Evidence ignored supported by law;

Family Court Law 413. 3 I, which identifies 17 % of my income which was $50,000.00 in the year 2000. This fact is further amplified by the attorneys involved attempting to alter the contract.

Family Court Law; 352.3, order of protection which I requested caused by the defendants behavior ignoring my visitation rights, was denied and ignored. Family Court referred my application to Supreme Court, as both applications were denied.

Family Court issued one a year later, to the defendant based on my actions enforcing my visitation rights with my child. This ran for three years producing zero results of abuse from the plaintiff to the defendant, as all future orders were suspended. Pick up / drop off remained at the 26th Prescient during that time.

Family Court Law; 343.1; Testimony by children. Our daughter gave her opinion to the Hon. Justice of choosing to live with her father, opposed to her mother for various reasons of abuse, listed with New York State.; Physical Abuse, Verbal Abuse, refusal of medical treatment, bruises caused by lack of supervision, and more. They were ignored by the State Of New York, Supreme Court.

The defendants attempts to break the Hymen, was submitted to the forensic psychologist, Dr. Cohen in a letter, to which he executed limitations on the defendant, instead of changing physical custody. At that time the defendant was requesting supervised visitation against the plaintiff, to restrict the visitation schedule. Her attempt was disregarded by the Hon. Justice. This statement is supported by my evidence on record.

Family Court Law; 343.5 Impeachment Charges. As Ms. Polly Passoneau,  my attorney of record, witness the defendants perjury before New York State Supreme Court, during a trial hearing for physical custody, whereas, she present evidence to the court, signed by the defendant, supporting signatures of both parties for medical action on behalf of our daughter, contrary to the defendants statements of record. Evidence of this is on file.

Family Court Law; 353.5, Felony Acts, between the behavior patterns of abuse, or control by the defendant, ignoring any criminal attempts by the defendant to alter my mouth wash with bleach, also noted on record by submitting a lab report to New York State Supreme Court, supported by the defendants assault record and registered violent acts against our daughter by the defendant, have been ignored by the Hon. Justice in the divorce contract.

Also evidence on record identifying fraud was ignored, refusing to acknowledge it at all on the record, or in court. This supported the defendant's motive to slander my credibility before the court, so as to gain favor under domestic violence, as the female victim, by Supreme Court, also recognized by Dr. Cohen with his formal report to the courts.

Family Court Law; 381.2, & 381.3; all police reports identifying the defendant's behavior were ignored.

C PLR  5222 F, Relating to a mistake in facts, and  E, Relating to unemployment, workers compensation, social security, pensions, etc. These laws are violated every day.

CPLR Appendix; 202.57 – Judicial review of orders of the State Division of Human Rights.

CPLR Appendix; 202.60 - Tax Assessment review proceeding in counties within the city of New York.

CPLR Appendix; 202.70 (1) – Breach of Contract, (8) – Malpractice arising from representation.

CPLR 217; Proceeding against body or officer; actions complaining about conduct that would constitute a union's breach of its duty of fair representation.

CPLR 405. Correction of Defects in papers.

CPLR 602; Consolidation.

CPLR 1603; Burdens of Proof.

CPLR 2001; Mistakes, omission, defects and Irregularities.

CPLR 3017; Demand for Relief.

Between my spouse and New York State Supreme Court, The history of the Constitutional violations is as follows: 1st, 5th, 6th, 11th, 14th, Amendments.

Therefore as a result of the willful neglect from New York State Supreme Court, I am requesting the Federal District Court intercede by straightening out the financial error inserted in to the divorce contract.

Once this has been corrected, I may be able to sustain my child's future assisting her with college, while paying and clearing the remaining issues caused by the divorce contract error.

Any additional assistance with over payments would settle matters faster. I have no other choice but to follow through to the end of this journey with the Senate Judiciary Committee and further if needed.

Respectfully

Michael Driscoll

**FAMILY COURT ACT**

§413

the amounts determined by the application of subparagraphs two and three of paragraph (c) of this subdivision except as increased pursuant to subparagraphs four, five, six and seven of such paragraph.

(2) "Child support" shall mean a sum to be paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education of any unemancipated child under the age of twenty-one years.

(3) "Child support percentage" shall mean:
(i) seventeen percent of the combined parental income for one child;
(ii) twenty-five percent of the combined parental income for two children;
(iii) twenty-nine percent of the combined parental income for three children;
(iv) thirty-one percent of the combined parental income for four children; and
(v) no less than thirty-five percent of the combined parental income for five or more children.

(4) "Combined parental income" shall mean the sum of the income of both parents.

(5) "Income" shall mean, but shall not be limited to, the sum of the amounts determined by the application of clauses (i), (ii), (iii), (iv), (v) and (vi) of this subparagraph reduced by the amount determined by the application of clause (vii) of his subparagraph:

(i) gross (total) income as should have been or should be reported in the most recent federal income tax return. If an individual files his/her federal income tax return as a married person filing jointly, such person shall be required to prepare a form, sworn to under penalty of law, disclosing his/her gross income individually;

(ii) to the extent not already included in gross income in clause (i) of this subparagraph, investment income reduced by sums expended in connection with such investment;

(iii) to the extent not already included in gross income in clauses (i) and (ii) of this subparagraph, the amount of income or compensation voluntarily deferred and income received, if any, from the following sources:

(A) workers' compensation,
(B) disability benefits,
(C) unemployment insurance benefits,
(D) social security benefits,
(E) veterans benefits,
(F) pensions and retirement benefits,
(G) fellowships and stipends, and
(H) annuity payments;

(iv) at the discretion of the court, the court may attribute or impute income from, such other resources as may be available to the parent, including, but not limited to:

(A) non-income producing assets,
(B) meals, lodging, memberships, automobiles or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirecly* confer personal economic benefits,
(C) fringe benefits provided as part of compensation for employment, and
(D) money, goods, or services provided by relatives and friends;

(v) an amount imputed as income based upon the parent's former resources or income, if the court determines that a parent has reduced resources or income in order to reduce or avoid the parent's obligation for child support;

(vi) to the extent not already included in gross income in clauses (i) and (ii) of this subparagraph, the following self-employment deductions attributable to self-employment carried on by the taxpayer:

(A) any depreciation deduction greater than depreciation calculated on a straight-line basis for the purpose of determining business income or investment credits, and

* (So in original.)

©2002 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

(f) For the purposes of this section "order" shall mean an order issued by a court of competent jurisdiction directing the payment of support, alimony or maintenance upon which a "default" as defined in paragraph seven of subdivision (a) of section fifty-two hundred forty-one of this article has been established subject to the procedures established for the determination of a "mistake of fact" for income executions pursuant to subdivision (e) of section fifty-two hundred forty-one of this article except that for the purposes of this section only a default shall not be founded upon retroactive child support obligations as defined in paragraph (a) of subdivision one of section four hundred forty of the family court act and subdivision one of section two hundred forty and paragraph b of subdivision nine of section two hundred thirty-six of the domestic relations law.

(g) Restraining notice in the form of magnetic tape or other electronic means. Where such person consents thereto in writing, a restraining notice in the form of magnetic tape or other electronic means, as defined in subdivision (f) of rule twenty-one hundred three of this chapter, may be served upon a person other than the judgment debtor or obligor. A restraining notice in such form shall contain all of the information required to be specified in a restraining notice under subdivision (a), except for the original signature or copy of the original signature of the clerk or attorney who issued the restraining notice. The provisions of this subdivision notwithstanding, the notice required by subdivisions (d) and (e) shall be given to the judgment debtor or obligor in the written form set forth therein.

## §5223. Disclosure.

At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which

©2006 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

**183B**

perty in which a named judgment debtor or obligor who is not deceased has an interest, or the debts owed to the named judgment debtor or obligor, be levied upon or sold thereunder and shall specify the last known address of that judgment debtor or obligor. Where the judgment or order was entered in a court other than the supreme, county or a family court, the execution shall also specify the date on which a transcript of the judgment or order was filed with the clerk of the county in which the judgment was entered. Where jurisdiction in the action was based upon a levy upon property or debt pursuant to an order of attachment, the execution shall also state that fact, describe all property and debts levied upon, and direct that only such property and debts be sold thereunder. Where the judgment or order was recovered for all or part of a mortgage debt, the execution shall also describe the mortgaged property, specify the book and page where the mortgage is recorded, and direct that no part of the mortgaged property be levied upon or sold thereunder.

(b) Issuance. At any time before a judgment or order is satisfied or vacated, an execution may be issued from the supreme court, county court or a family court, in the county in which the judgment was first docketed, by the clerk of the court or the attorney for the judgment creditor as officer of the court, to the sheriffs of one or more counties of the state, directing each of them to satisfy the judgment or order out of the real and personal property of the judgment debtor or obligor and the debts due to him or her. Where the judgment or order is for support and is payable to the support collection unit designated by the appropriate social services district, such unit shall be authorized to issue the execution and to satisfy the judgment or order out of the real and personal property of the judgment debtor or obligor and the debts due to him or her.

(c) Return. An execution shall be returned to the clerk of the court from which it was issued or to the support collection unit within sixty days after issuance unless the execution has been served in accordance with section 5231 or subdivision (a) of section 5232. The time may be extended in writing for a period of not more than sixty additional days by the attorney for the judgment creditor or by the support collection unit. Further like extensions may be given by the attorney for the judgment creditor or by the support collection unit unless another execution against the same judgment debtor or obligor has been delivered to the same enforcement officer and has not been returned.

(d) Records of sheriff or support collection unit. Each sheriff or support collection unit shall keep a record of executions delivered showing the names of the parties and the judgment debtor or obligor; the dates of issue and return; the date and time of delivery, which shall be endorsed upon the execution; the amount due at the time the execution was delivered; and the amount of the judgment or order and of the sheriff's fees unpaid, if any, at the time of the return.

(e) For the purposes of this section "order" shall mean an order issued by a court of competent jurisdiction directing the payment of support, alimony or maintenance upon which a "default" as defined in paragraph seven of subdivision (a) of section fifty-two hundred forty-one of this article has been established subject to the procedures established for the determination of a "mistake of fact" for income

©2006 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

§5230

executions pursuant to subdivision (e) of section fifty-two hundred forty-one of this article, except that for the purposes of this section only, a default shall not be founded upon retroactive child support obligations as defined in paragraph (a) of subdivision one of section four hundred forty of the family court act and subdivision one of section two hundred forty, and paragraph b of subdivision nine of section two hundred thirty-six of the domestic relations law.

### §5231. Income Execution.

(a) Form. An income execution shall specify, in addition to the requirements of subdivision (a) of section 5230, the name and address of the person from whom the judgment debtor is receiving or will receive money; the amount of money, the frequency of its payment and the amount of the installments to be collected therefrom; and shall contain a notice to the judgment debtor that he shall commence payment of the installments specified to the sheriff forthwith and that, upon his default, the execution will be served upon the person from whom he is receiving or will receive money.

(b) Issuance. Where a judgment debtor is receiving or will receive money from any source, an income execution for installments therefrom of not more than ten percent thereof may be issued and delivered to the sheriff of the county in which the judgment debtor resides or, where the judgment debtor is a non-resident, the county in which he is employed; provided, however, that (i) no amount shall be withheld from the judgment debtor's earnings pursuant to an income execution for any week unless the disposable earnings of the judgment debtor for that week exceed thirty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 as in effect at the time the earnings are payable; (ii) the amount withheld from the judgment debtor's earnings pursuant to an income execution for any week shall not exceed twenty-five percent of the disposable earnings of the judgment debtor for that week, or, the amount by which the disposable earnings of the judgment debtor for that week exceed thirty times the federal minimum hourly wage prescribed by the Fair Labor Standards Act of 1938 as in effect at the time the earnings are payable, whichever is less; (iii) if the earnings of the judgment debtor are also subject to deductions for alimony, support or maintenance for family members or former spouses pursuant to section five thousand two hundred forty-one or section five thousand two hundred forty-two of this article, the amount withheld from the judgment debtor's earnings pursuant to this section shall not exceed the amount by which twenty-five percent of the disposable earnings of the judgment debtor for that week exceeds the amount deducted from the judgment debtor's earnings in accordance with section five thousand two hundred forty-one or section five thousand two hundred forty-two of this article. Nothing in this section shall be construed to modify, abrogate, impair, or affect any exemption from the satisfaction of a money judgment otherwise granted by law.

(c) Definition of earnings and disposable earnings. (i) As used herein earnings means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension on retirement program.

(ii) As used herein disposable earnings means that part of the

©2006 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

**185**                                                                    **§5231**

earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

(d) Service upon debtor. Within twenty days after an income execution is delivered to the sheriff, the sheriff shall serve a copy of it upon the judgment debtor, in the same manner as a summons or, in lieu thereof, by certified mail return receipt requested provided an additional copy is sent by regular mail to the debtor. If service is by mail as herein provided, the person effecting service shall retain the receipt together with a post office certificate of mailing as proof of such service.

(e) Levy upon default or failure to serve debtor. If a judgment debtor fails to pay installments pursuant to an income execution served upon him for a period of twenty days, or if the sheriff is unable to serve an income execution upon the judgment debtor within twenty days after the execution is delivered to the sheriff, the sheriff shall levy upon the money that the judgment debtor is receiving or will receive by serving a copy of the income execution, indorsed to indicate the extent to which paid installments have satisfied the judgment, upon the person from whom the judgment debtor is receiving or will receive money personally within the county in the same manner as a summons or by certified mail return receipt requested, except that such service shall not be made by delivery to a person authorized to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318.

(f) Withholding of installments. A person served with an income execution shall withhold from money then or thereafter due to the judgment debtor installments as provided therein and pay them over to the sheriff. If such person shall fail to so pay the sheriff, the judgment creditor may commence a proceeding against him for accrued installments. If the money due to the judgment debtor consists of salary or wages and his employment is terminated by resignation or dismissal at any time after service of the execution, the levy shall thereafter be ineffective, and the execution shall be returned, unless the debtor is reinstated or re-employed within ninety days after such termination.

(g) Statement on income execution. Any income execution delivered to the sheriff on or after the effective date of this act shall contain the following statement:

THIS INCOME EXECUTION DIRECTS THE WITHHOLDING OF UP TO TEN PERCENT OF THE JUDGMENT DEBTOR'S GROSS INCOME. IN CERTAIN CASES, HOWEVER, STATE OR FEDERAL LAW DOES NOT PERMIT THE WITHHOLDING OF THAT MUCH OF THE JUDGMENT DEBTOR'S GROSS INCOME. THE JUDGMENT DEBTOR IS REFERRED TO NEW YORK CIVIL PRACTICE LAW AND RULES § 5231 AND 15 UNITED STATES CODE § 1671 ET SEQ.

I. LIMITATIONS ON THE AMOUNT THAT CAN BE WITHHELD.

A. AN INCOME EXECUTION FOR INSTALLMENTS FROM A JUDGMENT DEBTOR'S GROSS INCOME CANNOT EXCEED

©1990 Looseleaf Law Publications, Inc. All rights reserved. Printed in U.S.A.

§5231                                                    **186**

TEN PERCENT (10%) OF THE JUDGMENT DEBTOR'S GROSS
INCOME.

B. IF A JUDGMENT DEBTOR'S WEEKLY DISPOSABLE EAR-
NINGS ARE LESS THAN THIRTY (30) TIMES THE CURRENT
FEDERAL MINIMUM WAGE (      ,    PER HOUR), OR (      ),
NO DEDUCTION CAN BE MADE FROM THE JUDGMENT DEB-
TOR'S EARNINGS UNDER THIS INCOME EXECUTION.

C. A JUDGMENT DEBTOR'S WEEKLY DISPOSABLE EARN-
INGS CANNOT BE REDUCED BELOW THE AMOUNT ARRIVED
AT BY MULTIPLYING THIRTY (30) TIMES THE CURRENT
FEDERAL MINIMUM WAGE (      ,    PER HOUR), OR
(      ), UNDER THIS INCOME EXECUTION.

D. IF DEDUCTIONS ARE BEING MADE FROM A JUDGMENT
DEBTOR'S EARNINGS UNDER ANY ORDERS FOR ALIMONY,
SUPPORT OR MAINTENANCE FOR FAMILY MEMBERS OR
FORMER SPOUSES, AND THOSE DEDUCTIONS EQUAL OR EX-
CEED TWENTY-FIVE PERCENT (25%) OF THE JUDGMENT
DEBTOR'S DISPOSABLE EARNINGS, NO DEDUCTION CAN BE
MADE FROM THE JUDGMENT DEBTOR'S EARNINGS UNDER
THIS INCOME EXECUTION.

E. IF DEDUCTIONS ARE BEING MADE FROM A JUDGMENT
DEBTOR'S EARNINGS UNDER ANY ORDERS FOR ALIMONY,
SUPPORT OR MAINTENANCE FOR FAMILY MEMBERS OR
FORMER SPOUSES, AND THOSE DEDUCTIONS ARE LESS
THAN TWENTY-FIVE PERCENT (25%) OF THE JUDGMENT
DEBTOR'S DISPOSABLE EARNINGS, DEDUCTIONS MAY BE
MADE FROM THE JUDGMENT DEBTOR'S EARNINGS UNDER
THIS INCOME EXECUTION. HOWEVER, THE AMOUNT ARRIV-
ED AT BY ADDING THE DEDUCTIONS FROM EARNINGS
MADE UNDER THIS EXECUTION TO THE DEDUCTIONS MADE
FROM EARNINGS UNDER ANY ORDERS FOR ALIMONY, SUP-
PORT OR MAINTENANCE FOR FAMILY MEMBERS OR
FORMER SPOUSES CANNOT EXCEED TWENTY-FIVE PERCENT
(25%) OF THE JUDGMENT DEBTOR'S DISPOSABLE EARNINGS.

NOTE: NOTHING IN THIS NOTICE LIMITS THE PROPORTION
OR AMOUNT WHICH MAY BE DEDUCTED UNDER ANY
ORDER FOR ALIMONY, SUPPORT OR MAINTENANCE FOR
FAMILY MEMBERS OR FORMER SPOUSES.

II. EXPLANATION OF LIMITATIONS

DEFINITIONS:

DISPOSABLE EARNINGS

DISPOSABLE EARNINGS ARE THAT PART OF AN IN-
DIVIDUAL'S EARNINGS LEFT AFTER DEDUCTING THOSE
AMOUNTS THAT ARE REQUIRED BY LAW TO BE WITHHELD
(FOR EXAMPLE, TAXES, SOCIAL SECURITY, AND
UNEMPLOYMENT INSURANCE, BUT NOT DEDUCTIONS FOR
UNION DUES, INSURANCE PLANS, ETC.).

GROSS INCOME

GROSS INCOME IS SALARY, WAGES OR OTHER INCOME,
INCLUDING ANY AND ALL OVERTIME EARNINGS, COMMIS-
SIONS, AND INCOME FROM TRUSTS, BEFORE ANY DEDUC-
TIONS ARE MADE FROM SUCH INCOME.

©1990 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

186A

§5231

## ILLUSTRATIONS REGARDING EARNINGS:

| IF DISPOSABLE EARNINGS IS: | AMOUNT TO PAY OR DEDUCT FROM EARNINGS UNDER THIS INCOME EXECUTION IS: |
|---|---|
| (a) 30 TIMES FEDERAL MINIMUM WAGE (      ) OR LESS | NO PAYMENT OR DEDUCTION ALLOWED |
| (b) MORE THAN 30 TIMES FEDERAL MINIMUM WAGE (      ) AND LESS THAN 40 TIMES FEDERAL MINIMUM WAGE (      ) | THE LESSER OF: THE EXCESS OVER 30 TIMES THE FEDERAL MINIMUM WAGE (      ) IN DISPOSABLE EARNINGS, or 10% OF GROSS EARNINGS |
| (c) 40 TIMES THE FEDERAL MINIMUM WAGE (      ) OR MORE | THE LESSER OF: 25% OF DISPOSABLE EARNINGS OR 10% OF GROSS EARNINGS. |

III. NOTICE: YOU MAY BE ABLE TO CHALLENGE THIS INCOME EXECUTION THROUGH THE PROCEDURES PROVIDED IN CPLR § 5231 (i) AND CPLR § 5240 IF YOU THINK THAT THE AMOUNT OF YOUR INCOME BEING DEDUCTED UNDER THIS INCOME EXECUTION EXCEEDS THE AMOUNT PERMITTED BY STATE OR FEDERAL LAW, YOU SHOULD ACT PROMPTLY BECAUSE THE MONEY WILL BE APPLIED TO THE JUDGMENT. IF YOU CLAIM THAT THE AMOUNT OF YOUR INCOME BEING DEDUCTED UNDER THIS INCOME EXECUTION EXCEEDS THE AMOUNT PERMITTED BY STATE OR FEDERAL LAW, YOU SHOULD CONTACT YOUR EMPLOYER OR OTHER PERSON PAYING YOUR INCOME. FURTHER, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. NEW YORK STATE LAW PROVIDES TWO PROCEDURES THROUGH WHICH AN INCOME EXECUTION CAN BE CHALLENGED:

CPLR § 5231 (i) MODIFICATION. AT ANY TIME, THE JUDGMENT DEBTOR MAY MAKE A MOTION TO A COURT FOR AN ORDER MODIFYING AN INCOME EXECUTION.

CPLR § 5240 MODIFICATION OR PROTECTIVE ORDER: SUPERVISION OF ENFORCEMENT. AT ANY TIME, THE JUDGMENT DEBTOR MAY MAKE A MOTION TO A COURT FOR AN ORDER DENYING, LIMITING, CONDITIONING, REGULATING, EXTENDING OR MODIFYING THE USE OF ANY POST-JUDGMENT ENFORCEMENT PROCEDURE, INCLUDING THE USE OF INCOME EXECUTIONS.

(h) Levy upon money payable by municipal corporation or the state. The levy of an income execution served upon a municipal or public benefit corporation, or board of education, shall be effective fifteen days after such service. Such an execution shall specify the title or position of the judgment debtor and the bureau, office, department or subdivision in which he is employed and the municipal or public benefit corporation, or board of education, shall be entitled to a fee of two dollars upon being served. A levy upon money payable directly by a department of the state, or by an institution under its jurisdiction, shall be made by serving the income execution upon the head of the department, or upon a person designated by him, at the office of the department in Albany; a levy upon money payable directly upon the state comptroller's warrant, or directly by a state board, commission, body or agency which is not within any department of the state, shall be made by serving the income execution upon the state department of audit and controll at its office in Albany. Service at the office

©1993 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

money due to the debtor consists of salary or wages and his or her employment is terminated by resignation or dismissal at any time after service of the execution, the levy shall thereafter be ineffective, and the execution shall be returned, unless the debtor is reinstated or re-employed within ninety days after such termination. An employer must notify the issuer promptly when the debtor terminates employment and provide the debtor's last address and name and address of the new employer, if known. Where the income is compensation paid or payable to the debtor for personal services, the amount of the deductions to be withheld shall not exceed the following:

(i) Where a debtor is currently supporting a spouse or dependent child other than the creditor, the amount of the deductions to be withheld shall not exceed fifty percent of the earnings of the debtor remaining after the deduction therefrom of any amounts required by law to be withheld ("disposable earnings"), except that if any part of such deduction is to be applied to the reduction of arrears which shall have accrued more than twelve weeks prior to the beginning of the week for which such earnings are payable, the amount of such deduction shall not exceed fifty-five percent of disposable earnings.

(ii) Where a debtor is not currently supporting a spouse or dependent child other than the creditor, the amount of the deductions to be withheld shall not exceed sixty percent of the earnings of the debtor remaining after the deduction therefrom of any amounts required by law to be withheld ("disposable earnings"), except that if any part of such deduction is to be applied to the reduction of arrears which shall have accrued more than twelve weeks prior to the beginning of the week for which such earnings are payable, the amount of such deduction shall not exceed sixty-five percent of disposable earnings.

(2) (A) An employer or income payor served with an income execution in accordance with paragraph one of this subdivision shall be liable to the creditor for failure to deduct the amounts specified. The creditor may commence a proceeding against the employer or income payor for accrued deductions, together with interest and reasonable attorney's fees.

(B) An employer or income payor served with an income execution in accordance with paragraph one of this subdivision shall be liable to the creditor and the debtor for failure to remit any amounts which have been deducted as directed by the income executiuon. Either party may commence a proceeding against the employer or income payor for accrued deductions, together with interest and reasonable attorney's fees.

(C) The actions of the employer or income payor in deducting or failing to deduct amounts specified by an income execution shall not relieve the debtor of the underlying obligation of support.

(D) In addition to the remedies herein provided and as may be otherwise authorized by law, upon a finding by the family court that the employer or income payor failed to deduct or remit deductions as directed in the income execution, the court shall issue to the employer or income payor an order directing compliance and may direct the

©2006 Looseleaf Law Publications, Inc.
All rights reserved. Printed in U.S.A.

# State of New York
## Court of Appeals

*At a session of the Court, held at Court of Appeals Hall in the City of Albany on the fourth day of May, 2010*

**Present,** HON. JONATHAN LIPPMAN, *Chief Judge, presiding.*

```
Mo. No. 2010-264
Michael Driscoll,
          Appellant,
     v.
New York State Attorney General's
Office Litigation Unit,
          Respondent.
```

A motion for leave to appeal to the Court of Appeals in the above cause having heretofore been made upon the part of the appellant herein, papers having been submitted thereon and due deliberation having been thereupon had, it is

ORDERED, that the said motion be and the same hereby is denied with one hundred dollars costs and necessary reproduction disbursements.

*Stuart M. Cohen*

Stuart M. Cohen
Clerk of the Court



# State of New York
# Court of Appeals

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207*

Decided May 4, 2010

Mo. No. 2010-264
Michael Driscoll,
       Appellant,
       v.
New York State Attorney General's
Office Litigation Unit,
       Respondent.

Motion for leave to appeal denied with one
hundred dollars costs and necessary
reproduction disbursements.



*State of New York*
*Court of Appeals*

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207*

Decided May 4, 2010

Mo. No. 2010-264
Michael Driscoll,
       Appellant,
     v.
New York State Attorney General's
Office Litigation Unit,
       Respondent.

Motion for leave to appeal denied with one
hundred dollars costs and necessary
reproduction disbursements.

10 CV 4409

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                     :
MICHAEL DRISCOLL,                                    :
                                                     :
                    Plaintiff,                       :
                                                     :
          -against-                                  :         **CIVIL JUDGMENT**
                                                     :
NEYDA DELAROSA                                       :
                                                     :
                    Defendant.                       :
                                                     :
-------------------------------------------------------------X

        Pursuant to the order issued ____JUN 0 3 2010_____ by the Honorable Loretta A.

Preska, Chief Judge, dismissing this action, it is,

        ORDERED, ADJUDGED AND DECREED:  That this action is dismissed.  The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be

taken in good faith.


                                        _Loretta A. Preska_
                                        LORETTA A. PRESKA
                                        Chief Judge

Dated:   **JUN 0 3 2010**
        New York, New York

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON _____.